IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN CARLOS GARCIA,

        Petitioner,

  v.

BRIGITTE AMSBERRY,

        Respondent.

Case No. 2:19-cv-01859-HZ

OPINION AND ORDER

Juan Carlos Garcia
11265432
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of various state-court convictions stemming from his sexual abuse of a minor. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

The victim in this case, LA, was the younger sister of Petitioner's wife, Anna Alvarez. In 2012, LA disclosed that Petitioner repeatedly raped her from the time she was six years of age until she was 15 years old. Based upon these allegations, the State indicted Petitioner on 11 counts and the case proceeded to trial.

During the defense's cross examination of Alvarez, counsel attempted to elicit the sexual position Petitioner utilized with Alvarez so as to establish that his consensual sexual relations with his wife were dissimilar to the sexual abuse LA described. The prosecutor objected on the basis that OEC 412 forbade such questions.[1]

> Def. Counsel: All right, one of the questions Detective Green had asked you was, "When you and Mr. Garcia were having sex, what type of a position you would be in?"
>
> Prosecutor: And Your Honor, I'm going to object under 412 as requesting information about a witness['] prior sexual activity.

---

[1] As relevant here, OEC 412 prohibits the use of "Reputation or opinion evidence of the past sexual behavior of an alleged victim or a corroborating witness[.]" OEC 412(a)(1).

2 – OPINION AND ORDER

> Def. Counsel: Your Honor, first off, 412 in this situation would not apply. I'm asking about habit evidence of the Defendant which is clearly admissible under 404 and 608, Your Honor. I'm only going to ask the same question that Detective Green asked this witness. I'm not doing it for the purpose of embarrassing her, I'm doing it to show what the Defendant's regular habit was when he was engaging in relations with her, not her relations with any other people if she had any.
>
> THE COURT:   The objection is sustained.
>
> (continuing cross)
>
> Def. Counsel: With regard to Mr. Garcia, what and not with regard to yourself, but with regard to Mr. Garcia, what seemed to be his preferred sexual position?
>
> MS. BLACKMAN: Same objection, Your Honor. 412 doesn't just apply to victims. It applies to witnesses as well.
>
> THE COURT:   Sustained.

Trial Transcript, pp. 185-86.

After Petitioner's wife finished her testimony, defense counsel requested reconsideration of the judge's earlier evidentiary ruling. Specifically, she argued that OEC 406 pertaining to habit evidence permitted her questions, and that OEC 412 was inapplicable. The trial judge adhered to her earlier ruling, concluding that the evidence the defense sought to elicit did not amount to distinctive habit evidence as required by OEC 406. *Id* at 195.

The jury convicted Petitioner of three counts of Rape in the First Degree, two counts of Rape in the Second Degree, two counts of Rape in the Third Degree, and one count of Attempted Sodomy in

3 – OPINION AND ORDER

the First Degree. As a result, the trial court sentenced him to 450 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal where he argued that the trial court erred when it excluded the sexual position evidence. He claimed that OEC 412 was inapplicable, that the exclusion of the evidence violated various rights under the Sixth and Fourteenth Amendments, and that the trial court erred with respect to its imposition of fees. Respondent's Exhibit 104. The State conceded on appeal that OEC 412 did not prohibit the admission of the sexual position evidence, but argued that: (1) the trial court properly excluded the evidence because it was not admissible as habit evidence pursuant to OEC 406; and (2) Petitioner had not preserved his constitutional objections. Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Garcia*, 263 Or. App. 715, 330 P.3d 74 (2014); *rev. denied*, 356 Or. 400, 339 P.3d 440 (2014).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where, relevant to this case, he argued that trial counsel was ineffective insofar as she failed to file an OEC 412 motion prior to trial to provide adequate notice to the State of her intent to question Alvarez regarding the sexual position evidence. He reasoned that counsel's failure to file a pretrial OEC 412 motion to establish the admissibility of the evidence prevented him from preserving his constitutional objections to the trial court's exclusion of it. Respondent's

4 – OPINION AND ORDER

Exhibit 114. The PCR court denied relief in a written decision. Respondent's Exhibit 123. The Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Garcia v. Amsberry*, 298 Or. App. 375; 449 P.3d 535 (2019), *rev. denied*, 365 Or. 557; 451 P.3d 1009 (2019).

Petitioner filed this habeas corpus case on November 18, 2019. In his Petition, he raises three grounds for relief:

> (1) Whether the sexual position evidence was admissible as habit evidence pursuant to OEC 406;
>
> (2) Whether the State proffered sufficient evidence of Petitioner's ability to pay the costs the trial court ultimately imposed; and
>
> (3) Whether trial counsel was ineffective for failing to preserve a constitutional challenge to the exclusion of the sexual position evidence.

Respondent asks the Court to deny relief on the Petition because the cost issue in Ground Two is not properly raised in a habeas corpus case, and the state courts reasonably denied relief on Grounds One and Three. Although Petitioner's supporting memorandum was due on September 4, 2020, Petitioner has not availed himself of the opportunity to file such a brief.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or

5 – OPINION AND ORDER

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

///

///

6 – OPINION AND ORDER

## II. Ground One: Exclusion of Position Evidence

Petitioner first claims that the trial court erred when it excluded his sexual position evidence. He contends that such evidence was admissible because it constituted permissible habit evidence pursuant to OEC 406. The trial judge specifically determined that the proffered evidence was not covered by OEC 406:

> Reviewing Rule 406 in particular there are three criteria for determining whether the conduct qualifies [as] habit under Rule 406 subsection b,
>
> 1. It must be the regular practice of a person in responding to a particular kind of situation.
>
> 2. It must be specific, and
>
> 3. It must be distinctive.
>
> From the Court's perspective in reviewing the case law specifically *State vs Maxwell* 172 Or App 142, and looking a[t] collaborating federal cases, and counterparts that address evidence of habit, the Court is denying the request of Defendant to reopen that issue with respect to habit.
>
> The Court's finding that the question itself is not distinctive in so much of the Defendant's conduct with respect to engaging in sexual activity.
>
> And with respect to the case law the Court[]s are generally more receptive for routine practices of organization than the evidence of habits of an individual. There is a guise of habit evidence, and within this respect with the question related to how the Defendant engaged in sexual positions with his significant other Ms. Anna Alvarez.
>
> So the objection is still sustained at this

7 – OPINION AND ORDER

point Ms. Kimble.

Trial Transcript, pp. 195-96. As noted in the Background of this Opinion, the Oregon Court of Appeals affirmed that decision.

The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Where the Oregon state courts specifically concluded that Petitioner's desired evidence was not distinctive habit evidence covered by OEC 406, and where this Court cannot reexamine that issue, Petitioner fails to establish that the state-court decision to deny relief on his Ground One claim was either contrary to, or an unreasonable application of, clearly established federal law.

### III. Ground Two: Award of Costs

Petitioner next asserts that the trial court erred when it imposed costs without first establishing his ability to pay them. The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This jurisdictional requirement "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey v. Hill*,

8 – OPINION AND ORDER

599 F.3d 976, 980 (9th Cir. 2010). Because a decision in Petitioner's favor as to his Ground Two claim would have no impact upon the duration or legality of his confinement, Ground Two fails to state a cognizable habeas corpus claim.

### IV.   Ground Three: Ineffective Assistance of Counsel

As his final claim, Petitioner alleges that his trial attorney was ineffective when she failed to preserve the constitutional challenges he raised to the sexual position evidence during his direct appeal. In assessing this claim, the Court uses the general two-part test established by the Supreme Court. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result

is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Throughout Petitioner's PCR proceedings, he argued that trial counsel was ineffective for failing to file a pretrial motion pursuant to OEC 412 to ensure that the defense could admit the sexual habit evidence. He asserted that this failure prevented counsel from adequately preserving claims that the exclusion of the evidence violated his Sixth and Fourteenth rights to a fair trial, confrontation, compulsory process, and to present a complete defense. Respondent's Exhibit 115, pp. 9-12; Respondent's Exhibit 124, pp. 16-22; Respondent's Exhibit 127, pp. 12-14.

In response to Petitioner's claims, the State introduced an affidavit from trial counsel who explained her rationale as follows:

> I recall Petitioner wanted me to ask his ex-wife at trial about their sexual relations, to show they had a normal sex life and that the sexual positions described by the victim in the case were not the types of sexual activities Petitioner would have engaged in. It seemed to me that if I let the prosecutor know beforehand that I would be trying to get this information in, she would prepare this witness to respond in a way that would cause harm to my client. I believed that if the prosecutor knew in advance that I was going to ask my client's ex-wife about their sex life, the prosecutor would prepare[] the witness to make my client sound even worse. I made a strategic decision to sit quietly on this line of questioning until it was time to cross-examine this witness. The prosecutor was wrong when she argued Rule 412 protected this witness from having to answer the question. Rule 412 only shields victims in

10 – OPINION AND ORDER

> these types of cases, not a witness who is simply being asked questions about consensual sexual relations with her own ex-husband. The judge was wrong to sustain the objection on the basis of Rule 412, and I adequately argued that this issue was more correctly covered by Rules 404 and 608. Had I filed a Motion in Limine to obtain an advance ruling on this issue, the prosecutor would have likely assisted the witnesses in preparing testimony that would have countered my client's contention that he did not utilize the sexual positions described by the victim.

Respondent's Exhibit 120, p. 3.

The PCR court denied relief on this claim, reasoning as follows:

> Petitioner has failed to prove that his trial attorney was ineffective for failing to file a Rule 412 motion prior to trial to allow the testimony regarding Petitioner's sexual habits with his wife. Trial counsel made a reasonable strategic decision to not file a 412 motion so that the prosecutor would be unaware of the issue and could not prepare his witness to deal with it. The strategy, tactics, and manner of advocacy of the defense are for counsel to determine based upon the exercise of professional skill and judgment. Secondly, as the state conceded in its Reply Brief on appeal, Rule 412 did not apply because the witness was not an alleged victim of abuse. The Prosecutor and judge were wrong on this issue. The Court of Appeals apparently denied the appeal because the question was seeking improper habit evidence or because Petitioner was not prejudiced by the ruling.
>
> Petitioner has failed to prove prejudice in this proceeding. Had a 412 motion been filed, it would undoubtedly would have been denied, because the evidence sought was not covered by Rule 412. In addition, filing the motion would have alerted the prosecutor to the issue and allowed an opportunity to prepare to respond to the issue and perhaps turn it

11 – OPINION AND ORDER

>           to the state's advantage. Petitioner has also
>           failed to prove that the evidence of his
>           sexual practices with his wife, if admitted
>           during the trial, would have had a tendency
>           to affect the outcome of the trial.

Respondent's Exhibit 123, p. 3.

     As noted above, Petitioner argued on direct appeal that OEC 412 did not apply to the evidence at issue, and the State conceded this point. Furthermore, and consistent with the parties' positions on direct appeal, the PCR court determined that the prosecutor and trial judge were wrong on this issue and that OEC 412 was inapplicable. Taking this state-court interpretation of state law as true, counsel acted reasonably when she declined to file a pretrial OEC 412 motion to determine the admissibility of the sexual position evidence.

     The OEC 412 issue aside, trial counsel provided a strategic rationale for not attempting to establish the admissibility of the sexual position evidence by virtue of a motion in limine. She was concerned that if she alerted the State to this defense tactic prior to trial, it would give the prosecutor an opportunity to fully prepare Alvarez for this line of questioning. Her desire to retain the advantage of surprise was reasonable. Where OEC 412 did not apply to the evidence at issue, and where counsel made a reasonable strategic decision not to raise the issue pretrial, her performance did not fall below an objective standard of reasonableness.

     Even assuming it did, Petitioner cannot establish that the outcome of his trial would have been different had counsel persuaded the trial judge to admit his desired evidence. To the

contrary, a jury would have found it conceivable that Petitioner engaged in different sexual positions with the victim than those he and his wife participated in during their consensual encounters. Thus, Petitioner not only fails to show that counsel's performance fell below an objective standard of reasonableness, he fails to establish prejudice as well. For all of these reasons, the PCR court's decision to deny relief on Petitioner's Ground Three claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___9___ day of November, 2020.

_____
Marco A. Hernandez
United States District Judge

13 – OPINION AND ORDER